UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **BESSIE SMITH,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**CHASE BANK,**<br><br>    **Defendant.** | Civ. No. 18-16428 (KM) (ESK)<br><br>**OPINION** |

<u>**KEVIN MCNULTY, U.S.D.J.**</u>:

Bessie Smith worked at a branch of Chase Bank, but her employment was terminated. She sued Chase, alleging age and sex discrimination. Chase moves for summary judgment. (DE 39.)[1] For the following reasons, the motion is **GRANTED**.

## I.  BACKGROUND

Smith is female and, at the time of the events in the complaint, was over 40 years old, facts which are relevant to her claims. (Smith Dep. at 11:7–8.) She worked as a personal banker in a Chase branch. (Van Allen Dep. at 25:21–23; Smith Dep. at 19:2–7.) That branch was managed by Mark Van Allen, who was Smith's supervisor. (Van Allen Dep. at 20:5–8.)

There was a corporate audit of the branch that found failures to comply with company policies. (*Id.* at 31:13–20, 36:17–40:3.) Some of the branch's

---

[1]  Certain citations to the record are abbreviated as follows:

   DE = docket entry

   Compl. = Complaint (DE 1)

   Smith Dep. = Deposition of Bessie Smith (DE 39-2)

   Van Allen Dep. = Deposition of Mark Van Allen (DE 39-4)

   RFT = Recommendation for Termination of Employee (DE 39-13)

   Opp. = Smith's Brief in Opposition to Chase's Motion (DE 46)

deficiencies, such as repeated failures to lock computer screens, were attributed to Smith. (*Id.* at 40:1–8; Smith Dep. at 66:10–17.) Van Allen discussed the audit with staff and put corrective-action plans in place. (Van Allen Dep. at 45:3–10.) The staff improved, but Smith allegedly did not. (*Id.* at 46:16–47:6.)

After Smith struggled to improve despite counseling from management, Chase issued her a written warning. (*Id.* at 63:5–64:19; DE 39-12.) Nonetheless, she continued to violate company policies by, for example, keeping safe deposit keys at her desk. (Smith Dep. at 138:11–39:19; Van Allen Dep. at 104:6–19; RFT.) Also during this time, she repeatedly arrived late. (Smith Dep. at 125:13–20.) Based on those continued violations, Chase terminated her employment. (Van Allen Dep. at 123:8–24:7; RFT.)

After exhausting pre-suit procedures, Smith sued Chase. (Compl.) She brings claims for age discrimination in violation of the Age Discrimination in Employment Act ("ADEA") 29 U.S.C. § 621 *et seq.*, and the New Jersey Law Against Discrimination ("NJLAD"), N.J. Stat. Ann. § 10:5-1 *et seq.* (Counts 1 and 2), sex discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and NJLAD (Counts 3 and 4), and retaliation in violation of NJLAD (Count 5). (Compl. ¶¶ 64–101.) After discovery, Chase moves for summary judgment on all claims. (DE 39.)

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden of establishing that no genuine issue of material fact remains. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing'— that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. A court must construe all

facts and inferences in the light most favorable to the nonmoving party. *Boyle v. County of Allegheny*, 139 F.3d 386, 393 (3d Cir. 1998). Once the moving party has met that threshold burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party must present evidence creating a genuine issue as to a material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); Fed. R. Civ. P. 56(c) (setting forth types of evidence on which nonmoving party must rely).

### III. DISCUSSION

#### A. Counts 1–4

"The ADEA and Title VII prohibit discrimination on the basis of age and sex, respectively," *Burton v. Teleflex Inc.*, 707 F.3d 417, 425 (3d Cir. 2013), as does the NJLAD, N.J. Stat. Ann. § 10:5-12(a). Because Smith has not provided direct evidence of discrimination, I apply the three-step framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–03 (1973). *Burton*, 707 F.3d at 425–26 (ADEA and Title VII); *Battaglia v. United Parcel Serv., Inc.*, 70 A.3d 602, 619 (N.J. 2013) (NJLAD). Smith first must make a prima facie case of discrimination. *Burton*, 707 F.3d at 426. If she does, the burden shifts to Chase "to offer a legitimate non-discriminatory justification" for her termination. *Id.* (alteration and citation omitted). If Chase does, the burden shifts back to Smith "to provide evidence from which a factfinder could reasonably infer that the employer's proffered justification is merely a pretext for discrimination." *Id.*

On the first step, a prima facie showing requires, among other things, circumstances giving rise to an inference of discrimination. *Id.* (Title VII); *Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 645–46 (3d Cir. 2015) (ADEA); *Smith v. Millville Rescue Squad*, 139 A.3d 1, 14 (N.J. 2016) (NJLAD). Smith might, for example, demonstrate that similarly-situated younger or male employees engaged in the same conduct but were treated differently—*i.e.*, not terminated. *Willis*, 808 F.3d at 645–46; *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 170 (3d Cir. 2013). Smith, however, cannot point to any similarly

situated employee. Smith was the only employee who continued to fail to comply with company policies after the audit. (Van Allen Dep. at 47:4–7, 66:8–10.) Those violations of company policy were the basis of her termination. That no male or younger employees were terminated does not raise an inference of discrimination because there is no evidence that they performed like her. *See Bryan v. Gov't of V.I.*, 916 F.3d 242, 246 (3d Cir. 2019) ("[T]here is no disparate treatment under the ADEA when the factor motivating the employer is some feature other than the employee's age." (citation omitted)); *Brasher v. Thomas Jefferson Univ. Hosp. Inc.*, 676 F. App'x 122, 125 (3d Cir. 2017) (employee not similarly situated to others when none had a history of policy infractions).

In her brief, Smith argues that other employees had similar infractions but were not given warnings or terminated. (Opp. at 8.) Here, she misreads the record. Van Allen indeed testified that certain employees had a *history* of similar issues, but—unlike Smith—they improved. (Van Allen Dep. at 46:5–47:2, 66:16–67:1.) As to those employees' improvement, there is no triable factual issue. The only evidence on the point is Van Allen's testimony, and Smith, in her deposition, testified that she had no knowledge either way. (Smith Dep. at 149:7–9 ("Q. Do you know whether or not Jay improved his performance? A. I don't know"), 149:15–17 ("Q. What other employees do you believe engaged in similar behavior and were retained? A. I don't have any other employee.").) Thus, the evidence contains no suggestion of circumstances giving rise to an inference of discrimination at step one.

Even if the evidence sufficed at step one, it would fail at step two. Chase has adduced uncontradicted evidence that it had a legitimate, non-discriminatory reason for terminating Smith: After attempts at correction, she continued to violate bank policies concerning security. (RFT.) *See Kremp v. Wachovia Bank, N.A.*, 451 F. App'x 151, 155–56 (3d Cir. 2011) (failure to follow company policies was a legitimate, non-discriminatory reason for termination).

Finally, and even if I reached the third step, Smith has not raised a factual issue that the reason given for her dismissal was pretextual. She has

pointed to no evidence suggesting a factfinder should disbelieve the reasons given by the bank. *See Willis*, 808 F.3d at 644 ("The first way to show pretext is for the plaintiff to point to evidence that would allow a factfinder to disbelieve the employer's reason for the adverse employment action."). The most she does is argue that it is suspicious that she worked at Chase for years and "within a span of a few months, became a terrible employee who violated rule after policy after rule after policy." (Opp. at 11.) But the timeline is easily explained: The branch received a bad audit and cracked down on company polices for all employees. Smith was the only one who did not fall in line. Given her performance, she cannot present evidence "with sufficient probative force so as to allow the factfinder to conclude by a preponderance of the evidence that age [or sex] was a motivating or determinative factor" in her termination. *Willis*, 808 F.3d at 645 (describing second way to show pretext); *see also Brasher*, 676 F. App'x at 125 (history of noncompliance with policies precluded finding of pretext). Smith implies that the dismissal was harsh, but the claim here is that it was discriminatory, and there is no evidence of that.

To summarize, Smith's case fails at *McDonnell Douglas* step one and would also fail at the remaining steps. Chase is entitled to summary judgment on Counts 1 through 4, the discrimination claims.

### B. Count 5

Count 5, the retaliation claim, also fails. Indeed, Smith's brief states that she "withdraw[s] this claim." (Opp. at 2.) I may treat her abandonment as a dismissal of that claim on consent. *Mercado v. Wells Fargo*, Civ. No. 15-4086, 2017 WL 4862417, at *2 (D.N.J. Oct. 27, 2017).

At any rate, the concession is apt; the retaliation claim is unsupported. An NJLAD retaliation claim requires that she "engaged in protected activity." *Tartaglia v. UBS PaineWebber, Inc.*, 961 A.2d 1167, 1192 (N.J. 2008). The Complaint alleges that she engaged in protected activity by complaining about discrimination to her supervisor. (Compl. ¶¶ 97–100.) In her deposition, however, she admitted that she never made such a complaint. (Smith Dep. at

62:12–18.) For summary judgment, a party cannot rest on the allegations of her complaint but must produce evidence. *Celotex*, 477 U.S. at 325.

Summary judgment is therefore granted to Chase on the retaliation claim (Count 5).

## IV.   CONCLUSION

For the reasons set forth above, the defendant's motion for summary judgment is granted.

A separate order will issue.

Dated: February 25, 2021

/s/ Kevin McNulty

_____

**Hon. Kevin McNulty
United States District Judge**